IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL GARZA and ELIZABETH GARZA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:11-CV-03504-M (BF) |
| EMC MORTGAGE AND JPMORGAN CHASE BANK, N.A., | § § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. Before the Court for findings, conclusions, and recommendation is the "Second Motion to Remand" ("Motion")," filed December 22, 2011, by Manuel Garza and Elizabeth Garza ("Plaintiffs"). Plaintiffs sued EMC Mortgage LLC, formerly known as EMC Mortgage Corporation and improperly sued as EMC Mortgage, and JPMorgan Chase Bank, N.A. ("Defendants"). Defendants filed a response and Plaintiffs filed a reply. The Court notes that although Plaintiffs called the Motion their "second" motion to remand, Plaintiffs' Motion is the first and only motion to remand filed in Case No. 3:11-CV-3504-M. Plaintiffs request the Court to remand this case to the160th Judicial District Court of Dallas County, Texas.

### Background

*Manuel Garza and Elizabeth Garza v. EMC Mortgage and JPMorgan Chase Bank, N.A.*, No 3:11-CV-01919-M (N.D. Tex. December 6, 2011).

Previously, Plaintiffs filed suit in the 160th Judicial District Court of Dallas County, Texas on July 11, 2011 against Defendants, alleging causes of action of breach of contract and violations

of the Texas Debt Collection Act and the Deceptive Trade Practices Act. (Doc. No. 1, Ex. A 2.)[1] Plaintiffs brought a breach of contract claim under Texas law. They supported their breach of contract claim with the allegation that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e, by not accurately calculating Plaintiffs' loan payments.[2] (*Id*. at 4-6.) On August 5, 2011, Defendants removed the case to this Court where it was assigned Case No. 3:11-CV-01919-M. Defendants contended the Court had federal question jurisdiction based upon the FDCPA volations that were alleged in support of Plaintiffs' breach of contract claim. (Doc.1, at 2.) Plaintiffs moved to remand the case to state court. (Doc. 13) The live petition at the time of removal was Plaintiffs' Original Petition. The federal law did not create the cause of action in Plaintiffs' Original Petition because the federal issue, presented as part of Plaintiffs' breach of contract claim under Texas law, was not substantial enough to provide federal question jurisdiction. This Court recommended that the motion to remand be granted. The District Court accepted this Court's recommendation and remanded the case to the 190th Judicial District Court of Dallas, County Texas.

Before the case was remanded, Plaintiffs had filed their First Amended Original Petition and Second Amended Original Petition. The Second Amended Original Petition sets forth a separate cause of action under the FDCPA, 15 U.S.C. § 1692g, based upon Defendants' alleged failure to "validate the disputed debt against Plaintiffs."

---

[1] The exhibit numbers in the background section refer to docket numbers in case No. 3:11-CV-1919-M.

[2] In their Original Petition, Plaintiffs did not allege a separate cause of action under the FDCPA.

**Standard of Review**

A federal court's jurisdiction is limited. A federal court may exercise original jurisdiction when the case "arises under" federal law; or based upon diversity of citizenship of the parties when more than $75,000 is in controversy. *See* 28 U.S.C. § 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction of the matter.[3] The removing party bears the burden of establishing federal jurisdiction. *Shearer v. SW. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown*

---

[3] The terms of 28 U.S.C. § 1441 provide:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441.

*& Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

## Analysis

Plaintiffs contend that the Court is bound by the previous decision and urge that the lawsuit still does not raise a substantial federal question. However, the ruling based upon the Original Petition does not bind the Court because this case is govened by the well-pleaded complaint rule as applied to the Second Amended Petition, the live complaint at the time of removal. Also, the question is not whether the lawsuit raises a substantial federal question. Federal question jurisdiction grants the district court jurisdiction over actions which arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The terms of 28 U.S.C.A. § 1441(a) provide for removal by a defendant or the defendants of a civil action of which this Court would have original jurisdiction. 28 U.S.C. § 1441(a).

The majority of courts hold that federal question jurisdiction under § 1331 "is governed by the 'well-pleaded complaint rule' under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint." *B&S Welding LLC Work Related Injury Plan v. Olivia-Barron v. B& S Welding, LLC*, No. 3:10-CV-1491-M, 2011 WL 93064, *2 (N.D. Tex. Jan. 10, 2011) (Lynn, J.) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386 482 U.S. § 386, 386 (1987)); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326 (5th Cir. 1998). In *Ford*, the Court explained:

> The essential concept governing in this appeal, perhaps overlooked by Ford, is that the district court's jurisdiction was derived from a § 1441 removal. When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. . . .

*Ford,* at 326-28 (footnotes and internal quotation marks omitted).

Defendants are a loan servicing company that services Plaintiffs' mortgage loan. The following allegations are taken from Plaintiffs' Second Amended Petition:

Plaintiffs allege that Defendants placed Plaintiffs in a mortgage payment plan on April 27, 2010, requiring Plaintiffs to make monthly payments in the amount of $1,600 from June 1, 2010, until November 1, 2010.  They allege that while they were complying with their payment plan, Defendants solicited them to apply for a loan modification program.  Plaintiffs claim they applied for the loan modification program and learned only on January 31, 2011 that their loan modification request had been denied.  Plaintiffs contend that on February 16, 2011, they disputed the decision of denial of their loan modification, and on Febrary 17, 2011 they agreed to another payment plan.  Plaintiffs contend that despite their compliance with the payment plan, Defendants commenced foreclosure proceedings. Plaintiffs claim that on March 26, 2011, they disputed the validity of the debt and demanded strict proof of the alleged debt.  They allege that Defendants failed to respond to Plaintiffs' debt dispute and failed to validate the alleged debt against Plaintiffs.  Plaintiffs contend that Defendants were notified of their failure to validate the alleged debt on May 6, 2011, but they continued to refuse to provide Plaintiffs with information in their mortgage account.

Plaintiffs allege that Defendants are debt collectors and that Defendants are in violation of the Fair Debt Collection Practices Act's notice provisions because they failed to validate the disputed debt against Plaintiffs and continued with threats of foreclosure of Plaintiffs' property. They seek damages against Defendants.  *See* 15 U.S.C. § 1692k(a)(1).  Plaintiffs also contend that unless restrained by this Court Defendants will continue to violate the Fair Debt Collection Practices Act and therefore, they seek a permanent injunction restraining Defendants from continuing to

5

violate the Fair Debt Collection Practices Act. (Doc. 1., Exhibit E.)[4]

A single violation of any provision of the FDCPA is sufficient to establish civil liability under the FDCPA. Section 1692k of the FDCPA establishes civil liability for "any debt collector who fails to comply with any provision of this title [15 U.S.C. § 1692 et seq.]" *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir.1997) (quoting *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2nd Cir. 1993)).  Section 1692g of the FDCPA states that when a debt collector solicits payment it must provide the consumer with a detailed validation notice. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2nd Cir. 1996).

Plaintiffs' reliance upon the District Court's decision to remand Case No. 3:11-CV-1919-M is without merit. The earlier case was remanded based upon Plaintiffs' Original Petition. When analyzing whether federal question jurisdiction exists, this Court must look at the face of the complaint as it stands at the time the notice of removal is filed. *See Metro Ford Truck Sales, Inc.,* 145 F.3d at 326.  Plaintiffs filed their Second Amended Original Petition on October 11, 2011, and Defendants filed their Notice of Removal on December 19, 2011. (Doc. 1 at 4, Ex. E.)

To determine if federal question jurisdiction exists, this Court will examine only the Plaintiffs' Second Amended Original Petition.[5] Plaintiffs' Second Amended Petition invokes the original jurisdiction of this Court under the FDCPA. Under the facts alleged in Plaintiff's Second Amended Original Petition, Plaintiffs claim that Defendants violated Section 1692g of the FDCPA which provides the procedure which sets out when a debt collector must provide the consumer with

---

[4] Docket numbers in this section refer to the docket in this case.

[5] The Court does not consider whether Plaintiffs state a claim under the FDCP Act, but only whether federal jurisdiction exists under the Act.

a detailed validation notice. The Court finds that federal question jurisdiction exists, and thus the Court has subject matter jurisdiction over the action.[6]

## **Recommendation**

The Court recommends that the District Court deny Plaintiffs' Motion to Remand.

SO RECOMMENDED, March 1, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court does not have diversity jurisdiction because the parties are not completely diverse as required under 28 U.S.C. § 1332.

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  See *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).